UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
____

LAMONT JAMES RODGERS, JR.,

          Petitioner,

v.

MATT MACAULEY,

          Respondent.
_____/

Case No. 1:25-cv-207

Honorable Maarten Vermaat

## OPINION

On December 17, 2024, Petitioner Lamont James Rodgers, Jr., commenced this action by filing a petition for writ of habeas corpus under 28 U.S.C. § 2254 (ECF No. 1), along with a motion to stay these proceedings and hold them in abeyance (ECF No. 2). For the reasons stated below, the Court will grant Petitioner's motion to stay these proceedings and hold them in abeyance.

On April 7, 2022, Petitioner pleaded *nolo contendere* in the Ingham County Circuit Court to one count of first-degree criminal sexual conduct (CSC-I), in violation of Mich. Comp. Laws § 750.520b; one count of first-degree home invasion, in violation of Mich. Comp. Laws § 750.110a(2); one count of armed robbery, in violation of Mich. Comp. Laws § 750.529; and one count of possession of a firearm during the commission of a felony (felony-firearm), in violation of Mich. Comp. Laws § 750.227b. *See* Register of Actions, *People v. Rodgers*, No. 20-000369-FC (Ingham Cnty. Cir. Ct.), *available at* https://courts.ingham.org/CourtRecordSearch/ (select "Circuit" for "Courts to be Searched"; enter "Rodgers" for "Last Name"; enter "Lamont" for "First Name"; enter October 16, 1995, for "Date of Birth"; select "Criminal/Traffic" for "Case Type"; select "Search"; then select the entry for Case No. 20-000369-FC) (last visited Feb. 24, 2025). The

trial court initially conducted sentencing on June 1, 2022. *See id.* The docket reflects that Petitioner appeared before the trial court for a resentencing on October 28, 2022. *See id.* The trial court sentenced Petitioner as follows: 20 to 75 years for the armed robbery and CSC-I convictions and 11 years, 8 months to 20 years for the first-degree home invasion conviction, all of which were ordered to run concurrently, and a consecutive 2-year sentence for felony-firearm. *See id.*

On November 14, 2022, Petitioner, through counsel, filed an application for leave to appeal to the Michigan Supreme Court. *See* Register of Actions, *People v. Rodgers*, No. 363778 (Mich. Ct. App.), https://www.courts.michigan.gov/c/courts/coa/case/363778 (last visited Feb. 24, 2025). The court of appeals denied leave to appeal on December 20, 2022. *See id.* The Michigan Supreme Court denied Petitioner's subsequent application for leave to appeal to that court on May 30, 2023. *See People v. Rodgers*, 990 N.W.2d 350 (Mich. 2023). Petitioner did not seek a writ of certiorari from the United States Supreme Court.

At some point prior to July 19, 2024, Petitioner filed what the state courts referred to as a motion to withdraw his guilty pleas. The trial court denied that motion in an order entered on July 19, 2024. Petitioner's appeal from the denial of that motion is currently pending before the Michigan Court of Appeals. *See* Register of Actions, *People v. Rodgers*, No. 373756 (Mich. Ct. App.), https://www.courts.michigan.gov/c/courts/coa/case/373756 (last visited Feb. 24, 2025).

As noted above, Petitioner filed his § 2254 petition and his motion to stay these proceedings and hold them in abeyance on December 17, 2024. Petitioner initially filed his documents in the United States District Court for the Eastern District of Michigan. In an order (ECF No. 4) entered on February 19, 2025, the Eastern District transferred the matter to this Court for further proceedings. In his § 2254 petition, Petitioner raises the following grounds for relief:

2

      I.        Speedy trial violation

      II.       Due process violation (14th Amendment)

      III.     Ineffective Assistance of Counsel

(§ 2254 Pet., ECF No. 1, PageID.5–9.)

After each ground for relief, Petitioner indicates that he raised the ground on direct appeal. (*See id.*) However, later on in his petition, Petitioner suggests that he did not seek to raise his due process and ineffective assistance grounds on direct appeal because he was not "aware [of those issues] until after being denied in the higher courts." (*Id.*, PageID.12.) In his motion to stay these proceedings and hold them in abeyance, Petitioner suggests that he is seeking a stay so that he can return to state court and file a motion for relief from judgment pursuant to Michigan Court Rule 6.502. (ECF No. 2, PageID.18.) It appears that Petitioner intends to assert his due process and ineffective assistance arguments in such a motion.

Habeas petitions by state prisoners are subject to the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1), which became effective on April 24, 1996, as part of the Antiterrorism and Effective Death Penalty Act, Pub. L. No. 104-132, 110 Stat. 1214 (AEDPA). Section 2244(d) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of
>
>     (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>     (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

3

>   (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>   (D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

In most cases, § 2244(d)(1)(A) provides the operative date from which the one-year limitations period is measured. Under that provision, the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Petitioner appealed the judgment of conviction to the Michigan Court of Appeals and the Michigan Supreme Court.

As noted above, the Michigan Supreme Court denied Petitioner's application for leave to file a direct appeal on May 30, 2023. Petitioner did not petition for certiorari to the United States Supreme Court. The one-year limitations period, however, did not begin to run until the 90-day period in which Petitioner could seek such review in the United States Supreme Court had expired. *See Lawrence v. Florida*, 549 U.S. 327, 332–33 (2007); *Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000). The 90-day period expired on August 28, 2023. Petitioner, therefore, had one year from August 28, 2023, or until August 28, 2024, to file a timely § 2254 petition. As noted above, Petitioner did not file his § 2254 petition until December of 2024.

However, the running of the statute of limitations is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). The statute of limitations is tolled from the filing of an application for state post-conviction or other collateral relief until a decision is issued by the state supreme court. *Lawrence v. Florida*, 549 U.S. 327 (2007). The statute is not

4

tolled during the time that a petitioner petitions for writ of certiorari in the United States Supreme Court. *Id.* at 332.

As set forth above, at some point prior to July 19, 2024, Petitioner filed what the state courts have referred to as a motion to withdraw his guilty plea. Petitioner does not indicate when he filed that motion, and the trial court's docket does not indicate when the motion was filed. The trial court entered its order denying the motion on July 19, 2024, and Petitioner's appeal from that denial is still pending before the Michigan Court of Appeals. If that motion qualifies as a "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment," 28 U.S.C. § 2244(d)(2), then the period of limitation was tolled as of the date that motion was filed, and remains tolled because Petitioner's appeal from the denial of that motion is still pending.

Thus, Petitioner's § 2254 petition might be timely, or it might not be timely. The Court does not presently have sufficient information to resolve that issue. To protect Petitioner's rights to the greatest extent possible, the Court will proceed as if the petition was timely filed without deciding the issue.

Before the Court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim. *O'Sullivan*, 526 U.S. at 844, 848; *see also Picard v. Connor*, 404 U.S. 270, 275–77 (1971); *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Anderson v. Harless*, 459 U.S. 4, 6 (1982). To fulfill the exhaustion requirement, a petitioner must have fairly presented his federal claims to all levels of the state appellate system, including the state's highest court.

*O'Sullivan*, 526 U.S. at 845; *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). The district court can and must raise the exhaustion issue *sua sponte* when it clearly appears that habeas claims have not been presented to the state courts. *See Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); *Allen v. Perini*, 424 F.2d 134, 138–39 (6th Cir. 1970).

Petitioner bears the burden of showing exhaustion. *See Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). Here, Petitioner presents conflicting information regarding exhaustion. At one point, he indicates that he raised all three grounds for relief on direct appeal. However, later on in his petition, he suggests that he has not exhausted his due process and ineffective assistance grounds. He suggests that he intends to do so by filing a motion for relief from judgment pursuant to Rule 6.502.

An applicant has not exhausted available state remedies if he has the right under state law to raise, by any available procedure, the question presented. 28 U.S.C. § 2254(c). Petitioner has at least one available procedure by which to raise the new issues. He may file a motion for relief from judgment under Mich. Ct. R. 6.500 *et seq.* Under Michigan law, one such motion may be filed after August 1, 1995. Mich. Ct. R. 6.502(G)(1). At this point, the Court cannot discern whether the state courts have construed Petitioner's motion to withdraw his guilty plea as his one allotted motion. Therefore, the Court concludes that he has at least one available state remedy.

To properly exhaust any unexhausted claims, Petitioner must file a motion for relief from judgment in the Ingham County Circuit Court. If his motion is denied by the circuit court, Petitioner must appeal that decision to the Michigan Court of Appeals and the Michigan Supreme Court. *O'Sullivan*, 526 U.S. at 845; *Hafley,* 902 F.2d at 483 ("[P]etitioner cannot be deemed to have exhausted his state court remedies as required by 28 U.S.C. § 2254(b) and (c) as to any issue,

6

unless he has presented that issue both to the Michigan Court of Appeals and to the Michigan Supreme Court." (citation omitted)).

Under *Rose v. Lundy*, 455 U.S. 509, 522 (1982), district courts are directed to dismiss petitions including unexhausted claims without prejudice in order to allow petitioners to return to state court to exhaust remedies. However, since the habeas statute was amended to impose a one-year statute of limitations on habeas claims, *see* 28 U.S.C. § 2244(d)(1), dismissal without prejudice often effectively precludes future federal habeas review. This is particularly true after the Supreme Court ruled in *Duncan v. Walker*, 533 U.S. 167, 181–82 (2001), that the limitations period is not tolled during the pendency of a federal habeas petition.

To avoid that harsh result, the Sixth Circuit adopted a stay-and-abeyance procedure to be applied to petitions that include unexhausted claims. *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002). In *Palmer*, the Sixth Circuit held that when the dismissal of a mixed petition could jeopardize the timeliness of a subsequent petition, the district court should dismiss only the unexhausted claims and stay further proceedings on the remaining portion until the petitioner has exhausted his claims in the state court. *Id.*; *see also Rhines v. Weber*, 544 U.S. 269, 277 (2007) (approving stay-and-abeyance procedure); *Griffin v. Rogers*, 308 F.3d 647, 652 n.1 (6th Cir. 2002). That is the relief Petitioner seeks.

The *Palmer* Court has indicated that thirty days is a reasonable amount of time for a petitioner to file a motion for post-conviction relief in state court, and another thirty days is a reasonable amount of time for a petitioner to return to federal court after he has exhausted his state-court remedies. *Palmer*, 276 F.3d at 781; *see also Griffin*, 308 F.3d at 653 (holding that sixty days amounts to a mandatory period of equitable tolling under *Palmer*). If Petitioner's motion to withdraw his guilty plea tolled the period of limitation, when Petitioner commenced this action,

7

he had less than 60 days remaining before the statute of limitations would expire. Petitioner therefore would not have the necessary 30 days to file a motion for post-conviction relief or the additional 30 days to return to this Court before expiration of the statute of limitations. As a result, were the Court to dismiss the petition without prejudice for lack of exhaustion, the dismissal could jeopardize the timeliness of any subsequent petition. *Palmer*, 276 F.3d at 781.

In light of the foregoing, the Court will grant Petitioner's motion to stay these proceedings and hold them in abeyance. This action will be stayed and held in abeyance pending the conclusion of state appellate proceedings regarding the denial of Petitioner's motion to withdraw his guilty pleas. Moreover, Petitioner shall, within 30 days of the date of this opinion and the accompanying order, file any motion for relief from judgment pursuant to Rule 6.502 that he may wish to file in the Ingham County Circuit Court. This action will be stayed, and held in abeyance, until Petitioner either (a) files a motion to amend his petition to include any subsequently exhausted claims—such motion must be filed not later than 30 days after a final decision by the Michigan Supreme Court on Petitioner's unexhausted claims and shall include a description of the newly exhausted claims and the dates and substance of the decision at each step of state-court review; or (b) files a motion to lift the stay, indicating that he intends to proceed with the exhausted claims in his present petition. If Petitioner elects not to file a Rule 6.502 motion in the Ingham County Circuit Court within 30 days of the date of this opinion and accompanying order, then any motion to lift the stay must be filed within 30 days after a final decision by the Michigan Supreme Court on Petitioner's motion to withdraw his guilty plea. If Petitioner does elect to file a Rule 6.502 motion, then he must wait to return to this Court until appellate proceedings on both his Rule 6.502 motion and his motion to withdraw his guilty plea are complete. If Petitioner fails to comply with the deadlines imposed in this opinion and accompanying order, the Court may dismiss the petition.

As noted above, the Court makes no determination at this time as to the timeliness of Petitioner's § 2254 petition. The Court will order this action to be administratively closed until such time as Petitioner files a motion to amend his petition or a motion to lift the stay in accordance with the procedures set forth above.

Dated:  February 27, 2025                              /s/ *Maarten Vermaat*
                                                                                       Maarten Vermaat
                                                                                       United States Magistrate Judge